1 | ALAN R. BRAYTON, ESQ., S.B. #73685
2 | DAVID R. DONADIO, ESQ., S.B. #154436
   | BRAYTON❖PURCELL LLP
3 | Attorneys at Law
   | 222 Rush Landing Road
4 | P.O. Box 6169
   | Novato, California 94948-6169
5 | (415) 898-1555
   | (415) 898-1247 (Fax No.)

6 | Attorneys for Plaintiff

### THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SCOTT ABBOTT and FLOYD SIMPSON, | No. C06-163-SBA |
| Plaintiffs, | JOINT MOTION AND STIPULATION TO STAY PROCEEDING OR, IN THE ALTERNATIVE, TO CONTINUE CASE MANAGEMENT DEADLINE AND CONFERENCE, AND TO EXTEND TIME; ORDER TO STAY |
| vs. | |
| GENERAL ELECTRIC COMPANY, VIAD CORP., and DOES 1-300, | |
| Defendants. | |

Pursuant to Civil L. R. 7-11 and 7-12, the following parties hereby stipulate to, and respectfully move the Court for, an Order extending time as set forth in the *Case Management Scheduling Order* filed January 10, 2006 (Document 2), for the following good cause:

On February 9, 2006, Defendant GENERAL ELECTRIC COMPANY filed Document 5, a Notice to Tag Along Action regarding the pending Multidistrict Litigation ("MDL") in the Eastern District of Pennsylvania, seeking among other things, to move Jurisdiction of this matter to that District. On February 14, 2006, Defendant GENERAL ELECTRIC COMPANY filed Document 7, a copy of a transmittal letter to the Judicial Panel on Multidistrict Litigation.

On July 29, 1991, the Judicial Panel on Multidistrict Litigation ("JPML") entered an order transferring all asbestos personal injury cases pending in the federal courts to the United States District Court for the Eastern District of Pennsylvania, for coordinated pretrial

1  proceedings pursuant to 28 U.S.C. § 1407. That order also applies to "tag-along actions," or
2  actions involving common questions of fact filed after January 17, 1991. Such actions are to be
3  transferred to the eastern District of Pennsylvania as part of MDL 875, for coordinated pretrial
4  proceedings.
5       The JPML has held that a district court has the authority to stay pending a transfer order.
6  *In re Asbestos Products Liability Litigation,* 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001)
7  ("[T]hose courts concluding that such issues should be addressed by the transferee judge need
8  not rule on them, and the process of 1407 transfer in MDL-875 can continue without any
9  unnecessary interruption or delay.")
10      The parties agree that it is likely that the JPML will transfer this matter to the Eastern
11 District of Pennsylvania.
12      However, to date, the Clerk of the JPML has not entered a *Conditional Transfer Order*
13 pursuant to JPML Rule 12(a) or filed an order to show cause why the action should not be
14 transferred, pursuant to JPML Rule 13(b).
15      It is likely the dates set forth in the *Case Management Scheduling Order* filed January 10,
16 2006 (Document 2), including the deadlines imposed by Federal Rules of Civil Procedure 26,
17 will come to pass before the Clerk of the JPML acts.
18      In addition, it has come to the attention of counsel that the Judge assigned to hear the
19 cases pending in MDL 875, the Honorable Charles R. Weiner of the Eastern District of
20 Pennsylvania, passed away on November 9, 2005 and that the Clerk of that Court has reported a
21 backlog in cases transferred to that Court by the MDL panel.
22      The parties make this Motion on the grounds that a stay of this action would (a) promote
23 judicial efficiency, (b) allow consistency in pretrial rulings, and (c) be most convenient to the
24 parties.
25      Due to the pending action by the Clerk of the JPML, the parties hereby STIPULATE to
26 and respectfully request the Court VACATE its *Case Management Scheduling Order* filed
27 January 10, 2006 (Document 2), and that the Court issue an Order STAYING this action
28 pending the outcome of the MDL Panel's decision on the merits of the transfer.

1     In the alternative, the parties hereby STIPULATE to and respectfully request that the
2 dates set forth in the *Case Management Scheduling Order* filed December 8, 2005 (Document
3 5), be vacated and continued pending the outcome of the JPML's decision on the merits of the
4 transfer. Specifically, these deadlines in this matter include the **March 22, 2006** Rule 26
5 deadline to meet and confer, and file Joint ADR Certification, the **April 5, 2006** Deadline to
6 complete Initial Disclosures, the **April 5, 2006** deadline to file the Joint Case Management
7 Statement and the Case Management Conference currently set for **April 12, 2006**

8 Dated: February 28, 2006                  BRAYTON❖PURCELL LLP

9                                            /s/ David R. Donadio

10
11                              By: _____
                                     David R. Donadio
12                                      Attorneys for Plaintiffs

13 Dated: March 10, 2006                    SEDGWICK, DETERT, MORAN &
                                       ARNOLD, LLP
14
                                    /s/ Damon McClain
15
                             By: _____
16                                    Damon McClain
                                   Attorneys for Defendant
17                                    GENERAL ELECTRIC COMPANY

18 Dated M arch 6, 2006                      CHARTER DAVIS, LLP

19                                    /s/ Jeffrey J.A. Hinrichsen

20                              By: _____
                                   Jeffrey J.A. Hinrichsen
21                                    Attorneys for VIAD CORP.

22 //
23 //
24 //
25 //
26 //
27 //
28 //

**ORDER TO STAY**

IT IS HEREBY ORDERED that the hearing date and deadlines specified in the *Case Management Scheduling Order* filed January 10, 2006, are hereby VACATED and that this action is STAYED pending the outcome of the JPML's decision on the merits of the transfer. <u>The parties shall notify the Court in writing no later than fifteen (15) days after the JPML issues an order concerning the transfer of this action</u>.

Dated: 3/15/06

_____
Saundra Brown Armstrong
United States District Court Judge